UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:23-CR-72-REW-MAS |
| | ) | No. 5:26-CV-34-REW-MAS |
| v. | ) | |
| | ) | |
| AKILI ONEAL SIMPSON, | ) | |
| | ) | ORDER |
| Defendant/Petitioner. | ) | |

*** *** *** ***

Defendant/Petitioner Akili Oneal Simpson filed a § 2255 motion in connection with his total term of 320 months' imprisonment (on each count, running concurrently) for conspiracy to distribute 40 grams or more of mixtures or substances containing a detectable amount of fentanyl (Count 1) and distribution of a mixture or substance containing a detectable amount of fentanyl, the use of which resulted in death (Count 2). *See* DE 107 (Motion); DE 87 (Judgment). United States Magistrate Judge Matthew A. Stinnett issued a Report and Recommendation, ultimately recommending that the Court deny the motion because Simpson's various IAC claims do not satisfy the two-part standard set forth in *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984), and that his other claim (that his sentence was unreasonable) had already been addressed by the Sixth Circuit on appeal and was otherwise incognizable in a habeas motion. *See* DE 114 (Report and Recommendation). The Report and Recommendation counseled against the issuance of a certificate of appealability (COA). *See id.* at 14. Judge Stinnett conducted a thorough analysis, assessing the full pertinent record and invoking the proper legal standards and apt case law. Critically, he informed Simpson of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days as well as the impact of a failure to object. *See id.* The deadline,

specifically the extended deadline given by the Court and twice extended, *see* DE 116 & 118 (re-set to assure service), has passed with no objections.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects.  28 U.S.C. § 636(b)(1).  But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original).

The Court has considered the Report and Recommendation, as well as the entire record and relevant authority, and agrees with Judge Stinnett's careful analysis and conclusions.  The lack of objection forfeits further review, but Judge Stinnett properly assessed the merits.  Accordingly, the Court **ORDERS** as follows:

1.  The Court **ADOPTS** DE 114 and **DENIES** DE 107; and

2.  The Court, in making this final order, further **DENIES** the issuance of a COA.  A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3);

*Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).  Simpson has not made a "substantial showing" as to any claimed denial of rights.  Reasonable jurists would not find the Court's determinations debatable, as a matter of procedure or substance, and no COA should issue.  This, too, is a conclusion that Judge Stinnett recommended and to which Simpson did not demur.

This the 22nd day of July, 2026.

Signed By:
Robert E. Wier
United States District Judge