UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:23-CR-72-REW-MAS |
| | ) | No. 5:26-CV-34-REW-MAS |
| v. | ) | |
| | ) | |
| AKILI ONEAL SIMPSON, | ) | |
| | ) | ORDER |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After entering an order denying Akili Simpson's § 2255 motion, *see* DE 119, the Court received Movant Simpson's objections to Judge Stinnett's prior recommendation. *See* DE 120. The Court, which inherited the case and reopened an objection period to assure service, DE 118, treats the objections as timely. As such, the Court vacates DE 119 and considers the objections. Unfortunately for Simpson, the non-specific objections fail, procedurally and substantively, to displace Judge Stinnett's prior resolution, even under de novo review. Thus, the Court will again deny the motion and the issuance of a COA.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of dispositive matters to which specific objections are made. Fed. R. Civ. P. 72(b)(3); Fed R. Crim. P. 59(b); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [the party] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation omitted). Courts need not conduct *de novo* review of general objections that fail to identify specific factual or legal issues, because that duplicates the Magistrate

Judge's efforts and wastes judicial economy. *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections that merely "dispute[ ] the correctness of the magistrate [judge]'s recommendation" without specifying the findings that the objecting party "believe[s] were in error[,] . . . amount to general objections" and do not warrant *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may not preserve review simply by incorporating by reference or reiterating claims previously made before the Magistrate Judge. *See United States v. Bixler*, No. 5:18-CR-68-REW-MAS, 2024 WL 5103405, at *3 (E.D. Ky. Dec. 13, 2024); *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Judge Stinnett's recommendation exhaustively sorted Simpson's IAC and plea claims, most of which centered on the validity of the guilty plea and his counsel's representation relative to that plea. *See* DE 114. Simpson also attempted to challenge the imposed sentence (already affirmed by the Sixth Circuit, DE 105) and to criticize counsel's sentencing role. Judge Stinnett, working largely from the transcript of rearraignment, dispatched each of Simpson's plea-based theories. The balance fell based on applicable law. *See* DE 114.

Simpson's objections are lacking for several reasons. First, Simpson only addresses, with any particularity, counsel's alleged role in the plea and plea hearing. He otherwise simply attempts to incorporate the prior § 2255 motion as the basis for his objections on the remaining grounds. That will not do. An objection, to trigger de novo review, must be particular and specific. *See Bixler*, 2024 WL 5103405, at *3. As such, Simpson's sentencing and other non-plea IAC theories fail for the reasons Judge Stinnett specified. Imported theories do not earn de novo review.

2

As to the plea hearing, Simpson, in conclusory fashion, attempts to argue that his appointed counsel "forced" him to plead guilty, exploited his age and ignorance, did not advise or counsel him, and induced hearing statements that were involuntary, coached, and rehearsed. *See* DE 120 at 2-5. His position essentially is to advance a portrayal of the Rule 11 hearing diametrically opposed to the actual one in the transcript. As Judge Stinnett noted, a claim that, without precision and corroboration, simply contravenes the content of a valid, sworn plea colloquy will not yield § 2255 relief. *See* DE 114 at 7 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Such is the case here.

Indeed, DE 94, the rearraignment transcript, shows that Judge Reeves placed Simpson under oath and confirmed his competency. *See* DE 94 at 3-6. He then confirmed, by questioning Simpson directly, that he was prepared, had sufficient access to the indictment and counsel, fully understood the charges and plea agreement, and was fully satisfied with the assistance of his lawyer. *See id.* at 7. Judge Reeves assured, from Simpson's mouth, that the plea was voluntary. *See id.* at 11 (denying threats or coercion). He covered all of Simpson's extant trial rights, stressing the option of persisting in a not guilty plea and proceeding to trial. *See id.* at 21. After that, Judge Reeves covered all charge elements and the supportive facts. This included getting Simpson's lay description of the count-by-count facts and also confirming the accuracy of the plea agreement's detailed factual basis. *See id.* at 23-26. As to the death-results count, Simpson directly verified that the Government could prove causation beyond a reasonable doubt at trial. *See id.* at 26. Simpson adopted and confirmed that the plea agreement's recitation of facts, blanketing both counts, was "true and correct." *See id.* Finally, Simpson agreed that he had fully understood the plea colloquy. *See id.* at 29. This deliberate record echoed the close of the plea agreement. There,

Simpson agreed, in writing, that he fully understood the plea agreement and had entered it in a voluntary manner. DE 78 ¶ 17.

Judge Stinnett marshalled all of this precisely. And Simpson's objections? First, he contests the death-results basis. As already noted, he agreed to the basis in the plea agreement and under oath before Judge Reeves. His generic contest now, with reference to materials not in the record, does not provide a justification for § 2255 relief.

As to the plea colloquy, Simpson claims he was barely out of his teens, uneducated, and taken advantage of. In fact, he was 23 at sentencing and, contrary to his motion, held a high school diploma. *See* DE 90 (Presentence Investigation Report) at 2. Further, he already had been through at least four prior convictions, thus multiple times exposed to the justice system. He was not the naïve youngster depicted. What he swore to at the plea he now contests, but the § 2255 standards plainly do not provide relief in such a posture. The sworn, formal colloquy, carefully administered by a federal judge, trumps Simpson's post-judgment, post-appeal retelling.

As the Sixth Circuit has summarized, regarding a conflict between a proper colloquy and a defendant's later contradictory version:

> However, these self-serving affidavits contradict the statements that he made under oath when entering his plea, and a habeas court will not credit them over his solemn declarations from the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (noting that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"). Maldonado's plea and his express satisfaction with his counsel negates his subsequent claims that he pleaded no-contest due to his attorney's alleged promises or threats. *See Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (noting that "where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.").

*Maldonado v. Campbell*, No. 20-1345, 2020 WL 6194595, at *2 (6th Cir. Aug. 17, 2020). In this case, Judge Reeves navigated Rule 11 accurately, thoroughly, and deliberately, and at each step,

4

Simpson assented *under oath*.  This assured a knowing, voluntary, and intelligent plea, which Judge Reeves expressly found.  *See* DE 79 (finding "guilty plea is a knowing and voluntary plea" supported by "independent factual basis").  His non-specific arguments as to counsel's coercion or mis-advice crash directly into the pithy record, defeating the claim as a matter of summary dismissal under *Blackledge*.  That is just what Judge Stinnett held; nothing in Simpson's objections alters that status, which was correct as a matter of law and the record.

Thus, accounting for Simpson's ineffectual objections and the preclusive impact of the record in the case, the Court **OVERRULES** DE 120, **ADOPTS** DE 114, and **DENIES** DE 107 .

Further, the Court **DENIES** the issuance of a COA.  A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement.  *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)).  Simpson has not made a "substantial showing" as to any claimed denial of rights.  Reasonable jurists would not find the Court's determinations debatable, as a matter of procedure or substance, and no COA should issue.  This, too, is a conclusion that Judge Stinnett recommended and to which Simpson did not demur.

This the 29th day of July, 2026.

Signed By:
*Robert E. Wier*
**United States District Judge**

5